### MARY C. HOUSTON *vs.* HENRY A. HOUSTON, Adm'r of John M. Houston, deceased.

Sussex County, October Term, 1896.

**Practice. Dower. Costs.**—In proceedings for the assignment of dower only one-third or one-half the costs, as the case may be, shall be chargeable to the widow, although both the personality of the decedent and the entire residue of his real estate, after the assignment of dower, were insufficient to pay all his debts.

**Same. Creditor.**—Creditors of an insolvent decedent are to be considered as parties benefited by proceedings for the assignment of dower in the same manner as are parties entitled to the residue where the estate is solvent.

This was an appeal from a decree of the Orphans' Court of Sussex County, imposing upon the widow of John M. Houston, deceased, the entire costs for the assignment of her dower.

*C. F. Richards*, for the appellant.

*C. W. Cullen,* for the appellee.

GRUBB, J., delivered the opinion of the Court.

This case is before this Court on an appeal, brought here from the Orphans' Court of Sussex County by Mary C. Houston, widow of John M. Houston, deceased. The causes of appeal assigned are several, but they are substantially one cause of appeal, viz., that the entire costs of the proceeding for the assignment of dower to the widow, under Section 12, Chapter 85 of the Revised Code, were taxed upon the widow alone. This proceeding was not brought before the Orphans' Court by the widow under Section 7, Chapter 85 of the Revised Code, for the assignment of her dower and also for the partition of the residue; but was brought by the widow, under Section 12, Chapter 85, for the assignment of her dower alone.

At the time of the assignment of dower, and the taxing of costs on the widow alone by the decree of the Orphans' Court, a proceeding for the sale of the land for the payment of debts was then pending before the said Court, and the confirmation of the sale by the administrator of the lands of the deceased for the payment of debts and the taxing of the costs of those proceedings were made by decree and order of the Orphans' Court. So that both the taxing of the costs in the proceeding for the assignment of dower and the taxing of the just charges and costs in the proceeding for the sale of the real estate for the payment of debts were then pending before the same Court and within the power and jurisdiction of the Orphans' Court.

It is admitted at the argument, by both sides, that the personalty of John M. Houston, deceased, was insufficient to pay his debts, and also that the entire residue of his real estate, after the assignment of dower, was insufficient for the payment of all his debts.

We take this case with these circumstances attaching to it, and it is upon this case, with these circumstances, that we form our conclusion and announce our determination of this appeal.

Section 2 of Rule 4 of The Rules of the Orphans' Court, adopted by the Court at the fall sessions, 1894, of that Court, and

which were in force at the confirmation of the assignment of dower and the taxing of these costs,—provides, " Where dower is assigned to a widow, upon her petition or upon the petition of any party entitled to a share of the residue, the costs shall be paid one-third or one-half by the widow, as the case may be, and the remainder by the parties entitled to the residue."

In our judgment, this rule is drawn strictly in accordance with Sec. 30, Chap. 85, Revised Code, p. 650. In our judgment, also, this rule is equally applicable to either the proceeding under Sec. 7, Chap. 85, of the Revised Code, where the widow or any other party petitions for the assignment of dower, and partition of the residue, or that where the widow applies under Sec. 12, Chap. 85, of the Revised Code, for the assignment of dower alone without partition of the residue. Under that rule, and even before it was adopted in the fall of 1894, the practice had been in the Orphans' Court, where there was a petition by the widow for either dower alone, or for dower and partition of the residue, to impose one-third of the costs only upon her for the proceeding for dower alone, in case she were entitled to a one-third dower interest, and the remainder of the costs upon the parties entitled to the residue. Under a proper construction of Sec. 30, Chap. 85, of the Revised Code, providing for the apportionment of costs in proceedings under that chapter for assignment of dower, this rule and this practice have been adopted; on the ground, as we consider, that where dower is assigned the assignment whereby the dower is clearly defined and separated from the rest of the estate, is clearly a benefit to the heirs, where they are entitled to take and enjoy the residue. If that be so, then where the creditors are entitled to take and dispose of the residue for the payment of their debts, they are similarly benefited by the assignment of the dower in order that the residue may be sold clear of the encumbrance of dower for the benefit of creditors. So that the principle that the parties entitled to the residue, if they are heirs, take the benefit which the assignment of dower confers upon them, and upon which the rule and practice are based, is and must be equally applicable, in

reason, to creditors who are benefited by the assignment of dower, when they take all and the heirs get nothing.

The contrary view was urged on behalf of the appellee by the counsel opposing the appeal; but we do not consider, for the reasons just stated, that that contention is sound and tenable.

The counsel for the executor contends that inasmuch as Sec. 9, Chap. 90, of the Revised Code, p. 690, provides, " That the purchase money of a sale made by authority of this chapter (all just charges to be allowed by the Orphans' Court being first deducted) shall be applied to outstanding debts against the deceased in the following order", etc., the executor of John M. Houston, deceased, could not apply any portion of the purchase money received for the sale of the residue of the land for the payment of debts, after the said assignment of dower, to anything else than the debts specified in Section 9, above quoted, in the order of their payment as prescribed by said section. His contention proceeds upon the assumption that the costs of said assignment of dower, which we consider to be for the benefit of the estate, could not be considered and held by the Orphans' Court to be just charges within the meaning of Sec. 9, of Chap. 90, to be allowed by the Orphans' Court and deducted from said purchase money before there could be a surplus for distribution and application to the indebtedness of the deceased according to the statutory prescribed order.

We consider that the two-thirds of the costs of the assignment of the widow's dower, being for the benefit of the creditors who are entitled, in the language of the rule, to the residue of the real estate after the assignment of her dower,—are just charges upon the proceeds of the real estate, and which ought to be paid her, on behalf of the creditors, before the balance for application, according to the provisions of Section 9, or other provisions of Chapter 90, shall be determined. The executor can only so apply such balance of the proceeds of sale as may remain after deducting all just charges to be allowed by the Orphans' Court. We feel clear about this for the reasons we have stated establishing the rule in regard to the widow, fixing her share of costs. The creditors,

where the estate is insolvent, are benefited just as are the heirs, where it is solvent, by the assignment of dower. Therefore, it is just and equitable and within the jurisdiction of the Orphans' Court, as well as within our jurisdiction upon appeal, to the decree that their two-thirds share of said costs of dower, should be allowed, and deducted as a part of the just charges, just as any other part of the costs of the proceeding for the payment of debts.

We must note here that this appeal before us is not an appeal from the decree of the Court confirming the sale and taxing the costs in the proceeding for the sale of the residue of the real estate for the payment of debts. The only appeal before us is the appeal from the Orphans' Court by the widow in the proceeding for the assignment of her dower alone and solely from that portion of the decree taxing against her the entire costs thereof. The only question, therefore, before us, and which we can now consider is, whether she shall be taxed with the whole of said costs or with one-third in this instance, and not with the remaining two-thirds thereof.

As we consider that she should have been taxed by the Orphans' Court with but one-third of the costs for the reasons we have mentioned, the decree and order of this Court is, that so much of the decree and order of the Orphans' Court of this county as taxed the widow and required her to pay the entire costs of the assignment of her dower shall be reversed, and the widow shall be taxed and required to pay but one-third of those costs, amounting to the sum of $29.00; and that the costs of the proceedings on the appeal be paid by the administrator of John M. Houston, deceased; that the record before us be remanded to the Orphans' Court, and that the decree of this Court be carried out conformably to our decree.